IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:93-00196-02

JEROME MAURICE THOMAS

MEMORANDUM OPINION AND JUDGMENT ORDER

The court is proceeding on its own motion, pursuant to 18 U.S.C. § 3582(c)(2), to determine defendant's eligibility for a sentence reduction based on changes in the applicable sentencing guideline.  On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008.

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended, resulting in reductions in the guidelines in Section 2D1.1 for cocaine base.  These temporary, emergency amendments to the Guidelines took effect on November 1, 2010.  Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011.  Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and

Commitment Order, addenda to the PSI received from the Probation Office, and materials submitted by the parties on this issue.[1] The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

At defendant's original sentencing hearing, his Total Offense Level was determined to be a 44.[2]  With a Criminal History Category of IV, his guideline imprisonment range was life and the court sentenced him to life imprisonment.  As a result of the 2007 amendments, defendant's Total Offense Level became a 42. The 2011 amendments resulted in a further two-level reduction in defendant's Base Offense Level resulting in a new Total Offense Level of 40.  Defendant's revised guideline range as a result of the amendments became 360 months to life and, accordingly, his guideline range has subsequently been lowered.[3]

---

[1] Defendant's motion for an extension of time to file a memorandum addressing defendant's eligibility for a sentence reduction (Doc. No. 332) is GRANTED.

[2] The sentencing judge in this matter was the Honorable Charles H. Haden, II.  The matter was reassigned to the undersigned as a result of Judge Haden's death.

[3] A Total Offense Level of 42 and a Criminal History Category of IV also yield a guideline imprisonment range of 360 months to life.  Therefore, defendant's guideline range did not change as a result of the 2011 amendments because it was already 360 months to life as a result of the 2007 amendment.

The United States has indicated that it does not object to a reduction in defendant's sentence that is within the revised guideline range.

On April 12, 1994, a federal grand jury returned an indictment charging defendant in three counts of a four-count superseding indictment.  Count One charged defendant with conspiracy to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846.  Count Two charged him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), while Count Three charged him with aiding and abetting with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On June 23, 1994, a jury found defendant guilty on Counts One, Two, and Three of the superseding indictment.

As noted above, at his original sentencing, defendant's guideline range was calculated to be life and he was sentenced to life imprisonment.  At sentencing, the court determined that a death resulted from the offenses of conviction but declined to depart upward from the guideline range.

As part of the offense conduct in this case, on November 21, 1990, law enforcement approached a vehicle driven by defendant. A passenger in the vehicle, Thomas' co-defendant, exited the vehicle and fired several rounds from a handgun at law enforcement personnel and an informant.  After an exchange of

gunfire, defendant fled from the scene and a high-speed police chase ensued.  Maintaining speeds in excess of 80 miles per hour during the chase, the car driven by defendant veered off the road and struck a 19-year-old bicyclist, David Sergent.  Defendant continued to flee from police, even after hitting Sergent.  Eventually defendant was apprehended when the car he was driving crashed during the chase.  Sergent died that same day as a result of being hit by the car driven by defendant.

Defendant has had multiple disciplinary problems while incarcerated.  He has been sanctioned for possessing a dangerous weapon on two occasions, engaging in a group demonstration, refusing to obey orders on two occasions, assaulting without serious injury, fighting with another person on two occasions, and telephone abuse.  To his credit, he has obtained his GED while incarcerated and completed a number of programs offered by the BOP.

Under 18 U.S.C. § 3582(c)(2), a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," may have his term of imprisonment reduced if "after considering the factors set forth in section 3553(a) to the extent that they are applicable, [ ] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Whether to reduce a sentence and the extent of any such reduction is a

4

matter of the district court's discretion.   See United States v. Smalls, No. 12-6201, 2013 WL 3037658, *1 (4th Cir. June 19, 2013) (citing United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000)).

In considering whether to reduce a sentence under § 3582, a district court is required to consider the relevant factors listed in 18 U.S.C. § 3553(a), which include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed-

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for-

(A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

(i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing

5

Commission into amendments issued under
section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g),
are in effect on the date the defendant is
sentenced; or

(B) in the case of a violation of probation or
supervised release, the applicable guidelines or
policy statements issued by the Sentencing
Commission pursuant to section 994(a)(3) of title
28, United States Code, taking into account any
amendments made to such guidelines or policy
statements by act of Congress (regardless of
whether such amendments have yet to be
incorporated by the Sentencing Commission into
amendments issued under section 994(p) of title
28);

(5) any pertinent policy statement-

(A) issued by the Sentencing Commission pursuant to
section 994(a)(2) of title 28, United States Code,
subject to any amendments made to such policy
statement by act of Congress (regardless of
whether such amendments have yet to be
incorporated by the Sentencing Commission into
amendments issued under section 994(p) of title
28); and

(B) that, except as provided in section 3742(g), is in
effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities
among defendants with similar records who have been
found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the
offense.

18 U.S.C. § 3553(a).  According to Application Note 1(B) of the

guidelines, a court should also consider "the nature and

seriousness of the danger to any person or the community that may

be posed by a reduction in the defendant's term of imprisonment.

. . ." U.S.S.G. § 1B1.10 n. 1(B).  The guidelines also allow the court to "consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . . " Id.

Whether to reduce a sentence is within the discretion of the district court.  United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).  "The court is not required to reduce a defendant's sentence, even where the current sentence is above the amended guidelines range." Id.

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentencing conduct and public safety, and has determined that the motion for a sentence reduction should be **DENIED**.  Public safety considerations, as well as the nature and circumstances of the offense of conviction, weigh against a reduction in sentence in this case.  As described in the PSI, defendant has a significant criminal history.  Furthermore, the events surrounding the arrest of defendant and his co-defendant show a reckless disregard for the safety of others.  As noted above, Thomas was driving a car when, to avoid arrest, his co-defendant exited the car and fired several rounds from a handgun at law enforcement.  Thereafter, defendant fled police and, in

the course of his flight, struck and killed an innocent bystander.  Defendant did not stop the car after hitting the bystander and, instead, continued to lead the police on a high-speed chase.  Eventually, the vehicle defendant was driving caught fire and crashed.  The nature and circumstances of defendant's conduct show that he is a danger to the public.

Defendant's post-sentencing conduct has done nothing to change the court's conclusion in this regard.  Indeed, his prison record weighs against a sentence reduction on public safety grounds.  Defendant has been disciplined twelve times while incarcerated and a number of those incidents speak directly to issues of public safety, including the incidents of possession of a dangerous weapon, assault, and fighting.  Defendant's post-sentencing conduct demonstrates that he still lacks respect for the law, remains a danger to the public, and his continued incarceration is necessary to protect the public from further crimes of the defendant.

As a final matter, the court notes that this is not a case where defendant's sentence is above the amended guidelines range.  Rather, his sentence is at the top of the amended guideline range.  Although he argues that he is entitled to have his sentence reduced to the bottom of the amended guideline range, i.e., 360 months, the nature and circumstances of the offense, as well as the history and characteristics of defendant, do not lead

8

this court to conclude that he would have been entitled to a sentence of 360 months at his original sentencing.  This was not your run-of-the-mill drug case where defendant was merely responsible for a large amount of drugs.  Rather, incident to his arrest, defendant was responsible for the death of an innocent bystander.  The court cannot conclude that a sentence at the bottom of the guidelines is warranted.

For all of the reasons expressed above, the motion for a sentence reduction is **DENIED**.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Judgment Order to defendant, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

It is SO ORDERED this 1st day of July, 2013.

ENTER:

David A. Faber
Senior United States District Judge

9