IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:93-00196-02

JEROME MAURICE THOMAS

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence based on a subsequent reduction in the applicable sentencing guideline. (ECF No. 404).  On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses.  Specifically, Amendment 782 reduces by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking offenses.  Amendment 782, sometimes called "drugs minus two" or the "2014 drug guidelines amendment," took effect on November 1, 2014.  On July 18, 2014, the Sentencing Commission voted to give retroactive effect to Amendment 782.  Amendment 782 is however subject to the following limitation: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  U.S.S.G. § 1B1.10(e)(1).  Counsel was appointed to represent defendant and the parties were directed to file memoranda in support of their positions.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order, addenda to the PSI received from the Probation Office, and materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The United States acknowledges that defendant is eligible for a sentence reduction.

At defendant's original sentencing hearing, his Total Offense Level was determined to be a 44.[1]  With a Criminal History Category of IV, his guideline imprisonment range was life and the court sentenced him to life imprisonment.  As a result of the 2007 amendments, defendant's Total Offense Level became a 42. The 2011 amendments resulted in a further two-level reduction in defendant's Base Offense Level resulting in a new Total Offense Level of 40.  Defendant's revised guideline range as a result of the amendments became 360 months to life.  By Order entered on July 1, 2013 and for the reasons expressed therein, the court deemed that a reduction in defendant's sentence was not warranted based upon these amendments.

_____

[1] The sentencing judge in this matter was the Honorable Charles H. Haden, II.  The matter was reassigned to the undersigned as a result of Judge Haden's death.

Amendment 782 has resulted in a further two-level decrease in defendant's base offense level.  Therefore, his guideline range is now 324 to 405 months, based upon a total offense level of 38 and a criminal history category of IV.

On April 12, 1994, a federal grand jury returned an indictment charging defendant in three counts of a four-count superseding indictment.  Count One charged defendant with conspiracy to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846.  Count Two charged him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), while Count Three charged him with aiding and abetting with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On June 23, 1994, a jury found defendant guilty on Counts One, Two, and Three of the superseding indictment.

As noted above, at his original sentencing, defendant's guideline range was calculated to be life and he was sentenced to life imprisonment.  At sentencing, the court determined that a death resulted from the offenses of conviction but declined to depart upward from the guideline range.

As part of the offense conduct in this case, on November 21, 1990, law enforcement approached a vehicle driven by defendant. A passenger in the vehicle, Thomas' co-defendant, exited the vehicle and fired several rounds from a handgun at law

3

enforcement personnel and an informant.  After an exchange of gunfire, defendant fled from the scene and a high-speed police chase ensued.  Maintaining speeds in excess of 80 miles per hour during the chase, the car driven by defendant veered off the road and struck a 19-year-old bicyclist, David Sergent.  Defendant continued to flee from police, even after hitting Sergent.  Eventually defendant was apprehended when the car he was driving crashed during the chase.  Sergent died that same day as a result of being hit by the car driven by defendant.

Defendant has had multiple disciplinary problems while incarcerated.  He has been sanctioned for possessing a dangerous weapon on two occasions, engaging in a group demonstration, refusing to obey orders on two occasions, assaulting without serious injury, fighting with another person on two occasions, and telephone abuse.  To his credit, the latest addendum from the Probation Office does not indicate that he has received any recent infractions.  In addition, defendant has obtained his GED while incarcerated and completed a number of programs offered by the BOP.  In addition, he satisfied his financial assessments in April 2015.

Under 18 U.S.C. § 3582(c)(2), a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," may have his term of imprisonment reduced if "after considering the

4

factors set forth in section 3553(a) to the extent that they are applicable, [ ] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Whether to reduce a sentence and the extent of any such reduction is a matter of the district court's discretion. See United States v. Smalls, No. 12-6201, 2013 WL 3037658, *1 (4th Cir. June 19, 2013) (citing United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000)).

In considering whether to reduce a sentence under § 3582, a district court is required to consider the relevant factors listed in 18 U.S.C. § 3553(a), which include:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed-

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for-

    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

        (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)  any pertinent policy statement-

    (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

6

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  According to Application Note 1(B) of the guidelines, a court should also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment. . . ."  U.S.S.G. § 1B1.10 n. 1(B)(ii).  The guidelines also allow the court to "consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . . "  U.S.S.G. § 1B1.10 n. 1(B)(iii).

Whether to reduce a sentence is within the discretion of the district court.  United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).  "The court is not required to reduce a defendant's sentence, even where the current sentence is above the amended guidelines range."  Id.

In its earlier order denying the motions for a sentence reduction, the court expressed its belief that the appropriate sentence in this case remained life imprisonment.  However, given the change in the legal landscape since defendant's original sentencing and his efforts while incarcerated to better his life, as laid out in defendant's filings (ECF Nos. 404, 408, and 409),

the court is persuaded by defendant's arguments regarding his suitability for a reduction in sentence.

Therefore, consistent with 18 U.S.C. § 3582(c)(2), the court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentencing conduct and public safety, and has determined that the motion for a sentence reduction should be granted. Based on the foregoing considerations, the court **GRANTS** defendant's motion under Amendment 782. It is further **ORDERED** that defendant's previous sentence be reduced to 360 months on each of Counts One and Two, sentences to run concurrently with each other and with Count Three,[2] resulting in a new total term of imprisonment of **360 months**. This Order is further subject to the prohibitions contained within U.S.S.G. § 1B1.10(b)(2)(c) and U.S.S.G. § 1B1.10(e)(1). Finally, all other aspects of the previously imposed Judgment Order remain in full force and effect.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

---

[2] The sentence of twenty years on Count Three remains unchanged.

8

It is SO ORDERED this 15th day of September, 2016.

ENTER:

David A. Faber
Senior United States District Judge